**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In Re:                                                                Chapter 13

QUINTON JAMAHL DURUJI and                    Case No. 22-41034-kac
DAVINA MONIQUE DURUJI

      Debtors.

---

**OBJECTION OF PSB CREDIT SERVICES, INC. TO CONFIRMATION OF
DEBTORS' CHAPTER 13 PLAN, DATED JUNE 28, 2022**

TO:   DEBTORS AND OTHER ENTITIES SPECIFIED IN LOCAL RULE 9013-2(b):

     PSB Credit Services, Inc. ("PSB"), by and through its attorneys Lathrop GPM, LLC, and in accordance with Local Rule 3015-1, objects to the confirmation of the Chapter 13 Plan, dated June 28, 2022 (the "Plan"), of the Debtors Quinton Jamahl Duruji and Davina Monique Duruji (the "Debtors"), requests an order denying confirmation, and in support, states:

     1.    Quinton Duruji executed and delivered to PrinsBank a promissory note, dated June 11, 2015, in the original principal amount of $327,600.00 (the "Note"). A copy of the Note is attached as Exhibit A. The Note was assigned to PSB by an Allonge dated June 13, 2022. A copy of the Allonge is attached as Exhibit B.

     2.    To secure the indebtedness evidenced by the Note, the Debtors executed and delivered a mortgage to PrinsBank, in the original principle amount of $327,600.00, dated June 11, 2015, and recorded on June 29, 2015, as Document No. 628123, in the Office of the County Recorder of Kandiyohi County (the "Mortgage"). The Mortgage encumbers certain real estate located in Kandiyohi County, Minnesota, and described as follows:

> That part of the West Half of the Northwest Quarter of Section 34, Township 119 North, Range 35 West of the Fifth Principal Meridian, Willmar Township, Kandiyohi County, Minnesota, described as follows: Commencing at the northwest corner of said Section 34;

49410732v1

    thence on a bearing of South 00°30'22" W, along the west line of said Section 34, a distance of 1569.46 feet; thence on a bearing of North 89°17'42" E a distance of 827.59 feet to the point of beginning of the land to be described; thence on a bearing of North 00°59'38" W a distance of 194.00 feet; thence on a bearing of South 84°41'57" W a distance of 146.77 feet; thence on a bearing of N 05°39'38" W a distance of 72.00 feet; thence on a bearing of South 85°49'22" W a distance of 109.00 feet; thence on a bearing of North 02°49'22" E a distance of 90.00 feet; thence on a bearing of North 88°30'38" W a distance of 87.41 feet; thence on a bearing of North 01°29'22" E a distance of 363.28 feet; thence on a bearing of North 86°22'47" E a distance of 40.00 feet; thence on a bearing of North 03°42'11" W a distance of 858.40 feet, to the north line of said Section 34; thence on a bearing of South 89°55'12" E, along the north line of said Section 34, a distance of 95.21 feet; thence on a bearing of South 03°42'11" E a distance of 896.71 feet; thence on a bearing of North 86°22'47" E a distance of 198.56 feet; thence on a bearing of South 89°27'59" E a distance of 242.68 feet; thence on a bearing of South 00°32'01" W a distance of 671.03 feet; thence on a bearing of South 89°17'42" W a distance of 233.38 feet to the point of beginning. (the "Real Property").

The Mortgage encumbers the residence of the Debtors. A copy of the Mortgage is attached as Exhibit C. The Mortgage was assigned to PSB by an Assignment of Mortgage dated June 14, 2022, and recorded in the office of the Kandiyohi County Recorder on June 24, 2022, as document number 688322 (the "Assignment of Mortgage"). A copy of Assignment of Mortgage is attached as Exhibit D.

    3.    The Note, Mortgage, Allonge, Assignment of Mortgage and any other documents and agreements between the Debtors and PrinsBank/PSB are collectively referred to herein as the "Loan Documents".

    5.    The Note matured on July 11, 2020.

    4.    By a Forbearance Agreement dated June 4, 2020, PrinsBank agreed to forbear from further foreclosure and collection proceedings based upon the Loan Documents until October 11, 2020 (the "Forbearance Agreement") provided that the Debtors make certain payments to PrinsBank. A copy of the Forbearance Agreement is attached as Exhibit E.

49410732v1

5. The Debtors failed to make the payments required by the Forbearance Agreement. PrinsBank took steps to foreclose the Real Property. A foreclosure sale was scheduled for June 29, 2022, which was stayed following the Debtors' bankruptcy filing.

6. As of the Petition Date (June 28, 2022), the Debtors are indebted to PSB in the amount of $274,155.64 (the "Indebtedness").

7. The Plan proposes to modify the claim of PSB under Section 1325(a)(5) by paying an alleged past due amount to PSB of $15,400.00 on a pro rata basis from the $300 a month payments the Debtors propose to pay to the Trustee and a one-time payment upon the sale of the Real Property for any remaining balance owed PSB. The Note matured on July 11, 2020, so the past due amount is the full loan balance. The Plan does not provide for any other monthly payments to PSB.

8. PSB asserts the following objections to Plan confirmation:

a. <u>The Debtors must pay the past due amount owed to PSB in equal monthly payments</u>. The Plan proposes a balloon payment to PSB upon the sale of the home rather than equal monthly payments on the actual amount of the matured debt until a sale of the home.

The Debtors have only a limited ability to modify the claim of PSB which requires equal monthly payments of the past due amounts owed PSB. The Debtors seek to modify and repay a pre-petition matured debt secured by the Debtors' principal residence by small payments to the Trustee of an incorrect past due amount and a one-time balloon payment following the sale of the Real Property. Section 1325(a)(5)(B)(III) requires equal monthly payments. The proposed Plan is not paying equal monthly payments to PSB to cure the default.

Courts have routinely held that the equal monthly payment provision in Section 1325(a)(5)(B)(iii) prohibits a balloon payment. *See Hamilton v. Wells Fargo Bank (In re Hamilton)*, 401 B.R. 539, 540 (1st Cir. BAP 2009) ("By its very terms, the balloon

payment is not equal to the preceding payments and therefore it is prohibited by § 1325(a)(5)(B)(iii)(I)") (*contra In re Cochran*, 555 B/R/ 892 (Bankr. M.D. Ga. 2016); *In re Gray*, 2008 WL 5068849, *4 (Bankr. D. Puerto Rico 2008) ("... the proposed balloon payment in the Debtors' amended Plan violates the section 1325(a)(5)(B)(iii)(I) requirement that distributions to Doral be in `equal monthly amounts,' and cannot be confirmed."); *In re Correale-Darling*, 2008 WL 4057141, *3 (Bankr.D.Mass.2008) ("... plans that provide for secured creditors to be paid periodic payments for the term of the plan with a lump sum payment in the final month violates the `equal monthly payment' requirement of 11 U.S.C. § 1325(a)(5)(B)(iii)(I)."); *In re DeSardi*, 340 B.R. 790, 805-06 (Bankr.S.D.Tex.2006) (A lump sum payment at the beginning of a plan "would make all subsequent payments unequal to the lump sum payment." Such a provision clearly violates § 1325(a)(5)(B)(iii)(I)); *In re Wagner*, 342 B.R. 766 (Bankr. E. D.Tenn. 2006) (cannot confirm balloon payment over objection of mortgage creditor)*; In re Newberry*, 2007 WL 2029312 (Bankr.D.Vt.2007); *In re Lemieux*, 347 B.R. 460 (Bankr.D.Mass.2006); *In re Holliday*, No. 11-62315-13, 2012 Bankr. LEXIS 650 (Bankr. D. Mont. Feb. 23, 2012); *In re Bollinger*, No. 10-62344, 2011 Bankr. LEXIS 3339 (Bankr. D. Or. Sept. 2, 2011); *In re Melillo*, 385 B.R. 476, 479 (Bankr. D. Mass. 2008); *In re Schultz*, 363 B.R. 902, 906 (Bankr.E.D.Wis. 2007); *In re Luckett*, No. 07-24706, 2007 Bankr. LEXIS 3638 (Bankr. E.D. Wis. Oct. 24, 2007); *In re Henning,* 420 B.R. 773 (Bankr. W.D. Tenn., 2009); *In re Ehiorobo,* 2015 W: 394363 (Bankr. E.D. Wis. 2022) (courts overwhelming agree that delayed balloon payments are prohibited unless creditor consents).

b.    <u>The Plan Is Not Feasible.</u>  Furthermore, the Plan is not feasible, as required by Section 1325(a)(6).  The Plan provides for two $510,000.00 balloon payments to be paid

on the fifty-ninth (59th) and sixtieth (60th) month of the Plan. A debtor must show proof at plan confirmation that the debtor will be able to make the balloon payment at the time it comes due. *See In re Fantasia*, 211 B.R. 420, 423 (BAP 1st Cir. 1997). A declaration as to the source and amount of funds necessary to enable the debtor to make the plan payment is required. *Id.* Section 16.3 of the Plan states that the Debtors intend to sell the Real Property within twelve (12) months; however, the Debtors' valuation of the Real Property is insufficient to provide the funds required to make the balloon payments set forth in the Plan.

**WHEREFORE,** the secured creditor PSB objects to the confirmation of the Chapter 13 Plan filed by the Debtors for the reasons described above; requests that Plan be denied confirmation; and for such other relief that is just and equitable.

Dated this 9th day of August, 2022.

**/e/ Dorraine A. Larison**
Dorraine A. Larison, I.D. No. 203609
Dorraine.Larison@LathropGPM.com
LATHROP GPM, LLP
1010 West St. Germain St, Suite 500
St. Cloud, MN  56301
(320) 252-4414
Daniel W. Remington, I.D. No. 402804
dan.remington@lathropgpm.com
80 South Eighth Street
500 IDS Center
Minneapolis, MN 55402
Telephone: (612) 632-3474

ATTORNEYS FOR PRINSBANK

49410732v1

## NOTICE OF WITNESS

PSB Credit Services, Inc. ("PSB") expects to offer oral testimony at the confirmation hearing. PSB may call the following individuals:

> Joe DeGroot
> Vice President
> PSB Credit Services, Inc.
> 508 Third Street
> Prinsburg, MN 56281
>
> Cara Mulder
> Vice President, Secretary, and Treasurer
> PSB Credit Services, Inc.
> 508 Third Street
> Prinsburg, MN 56281

The testimony will be the admissibility and enforceability of the Loan Documents, the proposed plan treatment of PSB, and any rebuttal testimony.

Dated this 9th day of August, 2022.

> **/e/ Dorraine A. Larison**
> Dorraine A. Larison, I.D. No. 203609
> Dorraine.Larison@LathropGPM.com
> LATHROP GPM, LLP
> 1010 West St. Germain St, Suite 500
> St. Cloud, MN 56301
> (320) 252-4414
> Daniel W. Remington, I.D. No. 402804
> dan.remington@lathropgpm.com
> 80 South Eighth Street
> 500 IDS Center
> Minneapolis, MN 55402
> Telephone: (612) 632-3474
>
> ATTORNEYS FOR PRINSBANK

49410732v1