Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Quinton Jamahl Duruji**
**Davina Monique Duruji**

Case No. **22-41034**
CHAPTER 13 PLAN ☑ Modified
Dated: **October 19, 2022**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

    2.1   As of the date of this plan, the debtor has paid the trustee $ **0.00** .
    2.2   After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $300.00 | 07/2022 | 04/2027 | $17,400.00 |
| $510,000.00 | 05/2027 | 06/2027 | $1,020,000.00 |
| | | TOTAL: | $1,037,400.00 |

    2.3   The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
    2.4   The debtor will also pay the trustee **0.00** .
    2.5   The debtor will pay the trustee a total of $ **1,037,400.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **103,740.00** [line 2.5 x .10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| 4.1 | **Verizon** | **Phone Device and Services** |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | **Hester Ball Family Holdings LP** | **Vacant Lot Tazewell, TN 37879 Claiborne County**<br>**Vacant land in Clairborne County, TN**<br>**See attached Exhibit B** |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | *PSB Credit Services, Inc./Prinsbank | $274,155.94 | Pro rata | 07/2022 | Pro rata | $274,155.95 | $0.00 | $274,155.95 |
| | | | | | | | TOTAL | $274,155.95 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Kandiyohi County | $20,785.58 | 0.00% | 07/2022 | Pro rata | Pro rata | $20,785.58 | $0.00 | $20,785.58 |
| | | | | | | | | TOTAL | $20,785.58 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay, the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | | | ☐ | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | TOTAL | $0.00 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Attorney Fees | $3,000.00 | 07/2022 | $250.00 | 12 | $3,000.00 | $0.00 | $3,000.00 |
| 10.2 | Internal Revenue Service | $296,566.63 | 07/2022 | Pro rata | Pro rata | $296,566.63 | $0.00 | $296,566.63 |
| 10.3 | MN Dept of Revenue | $0.00 | | | | $0.00 | $0.00 | $0.00 |
| 10.4 | State of MN Parent Fee Program | $18,592.61 | 07/2022 | Pro rata | Pro rata | $18,592.61 | $0.00 | $18,592.61 |
| | | | | | | | TOTAL | $318,159.24 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |
| | | | | | | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |
| | | | | | | | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **320,559.23**   [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00**  .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **650,078.85**  .

13.3    Total estimated unsecured claims are $ **650,078.85**   [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property (including complete legal description of real property) |
|---|---|
| -NONE- | |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **16.1** | ***The plan is a step plan which will pay as follows:  $300.00 Monthly for 58 months, then $510,000.00 Monthly for 2 months** |
| **16.2** | **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.** <br><br> **The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.** <br><br> **APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.** <br><br> **Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim.  For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim.  Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.** <br><br> **All secured creditors being paid direct (outside the Chapter 13 plan) on the plan shall, upon confirmation of the plan, send debtor(s) monthly statements and are authorized to speak to debtor about post-petition payments.** |
| **16.3** | ***PSB Credit Services, Inc., assignee of PrinsBank, ("PSB"): Debtors shall sell their home located at 1373 45th Avenue Southwest, Willmar, MN  56201 (the "Home") within 6 months of June 28, 2022 (the "Petition date").  Any proceeds from the sale of the Home shall be applied first to any closing costs and mortgage liens against the property and then the balance of the proceeds to any IRS tax liens.** <br><br> **Until the Home is sold, Debtors shall make payments to PSB in the amount of $2020.27 on the 11th day of each month beginning on October 11, 2022,  Payments shall be made by automated electronic transfer to PSB.  All payments made by the Debtors and received by PSB shall be applied against the indebtedness owed to PSB as follows:  first to legal fees and costs, then to accrued i*nterest and late charge, and finally to reduction of principal.  Payments will be timely made if PSB receives the payment on the 11th day of each month.** <br><br> **The automatic stay imposed by 11 U.S.C. § 362 shall terminate immediately upon confirmation of the plan, with respect to PSB's collateral. Notwithstanding said termination of automatic stay, PSB shall forbear from seeking its collection and foreclosure remedies during the period from confirmation of the Plan to the earlier of December 28, 2022, or a default as described below.** <br><br> **A default shall occur under this provision in the event the Debtors fail to timely make any payment described above, fail to provide creditor with a listing agreement for PSB for the Home by September 30, 2022, fail to successfully secure a court order from the bankruptcy court to strip the judgment liens from the collateral by December 15, 2022, or fail to provide an a fully executed agreement with the Internal Revenue Service ("IRS") by December 14, 2022 which releases the IRS lien of the proceeds of the sale of the Home that will be paid to PSB from the sale of the Home.** |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **103,740.00** |
| Home mortgages in default [Part 6] | $ | **274,155.95** |
| Claims in Default [Part 7] | $ | **20,785.58** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **0.00** |
| Priority Claims [Part 10] | $ | **318,159.24** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **320,559.23** |
| TOTAL (must equal line 2.5) | $ | **1,037,400.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Danielle Q. Lin**
        **Danielle Q. Lin 0402579**
        Attorney for debtor

Signed: **/s/ Quinton Jamahl Duruji**
        **Quinton Jamahl Duruji**
        Debtor 1

Signed: **/s/ Davina Monique Duruji**
        **Davina Monique Duruji**
        Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:  Case No: 22-41034

Quinton Jamahl Duruji
Davina Monique Duruji

      Debtors.

---

**NOTICE OF CONFIRMATION HEARING**

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on Thursday, November 17, 2022, at 10:00 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 8 West, 8th Floor, 300 South 4th Street, Minneapolis, Minnesota.

Any objection to the modified plan filed shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

Dated this 19th day of October, 2022.

                                            LIFEBACK LAW FIRM, P.A.

                                            /e/ Danielle Q. Lin - #0402579
                                            4480 Erin Drive
                                            Eagan, MN 55122
                                            (612) 843-0525
                                            daniellel@lifebacklaw.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                         Case No. 22-41034

Quinton Jamahl Duruji
Davina Monique Duruji

        Debtors.

## UNSWORN CERTIFICATE OF SERVICE

     I, Timothy A. Torreson, declare under penalty of perjury that on October 19, 2022, I caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: October 19, 2022                                         /e/ Timothy A. Torreson
                                                                            Timothy A. Torreson
                                                                            LifeBack Law Firm, P.A.

```
Label Matrix for local noticing          United States of America - Internal Revenue S   Minneapolis
0864-4                                    US ATTORNEY'S OFFICE                            301 Diana E. Murphy U.S. Courthouse
Case 22-41034                             C/O Erin M. Secord                              300 South Fourth Street
District of Minnesota                     300 SOUTH FOUTH STREET                          Minneapolis, MN 55415-1320
Minneapolis                               ROOM 600
Wed Oct 19 14:07:56 CDT 2022              MINNEAPOLIS, MN 55415

American Accounts & Advisers              American Express National Bank                  Americo
Attn: Bankruptcy                          c/o Becket and Lee LLP                          PO Box 410288
Po Box 250                                PO Box 3001                                     Kansas City, MO 64141-0288
Cottage Grove MN 55016-0250               Malvern  PA 19355-0701


Amex                                      CREDIT FIRST NA                                 Caine & Weiner
Correspondence/Bankruptcy                 PO BOX 818011                                   Attn: Bankruptcy
Po Box 981540                             CLEVELAND, OH 44181-8011                        5805 Sepulveda Blvd
El Paso TX 79998-1540                                                                     Sherman Oaks CA 91411-2546


Capital One                               Capital One Bank (USA), N.A.                    Capital One N.A
Po Box 31293                              by American InfoSource as agent                 P.O. Box 21887
Salt Lake City UT 84131-0293              PO Box 71083                                    Eagan MN 55121-0887
                                          Charlotte, NC  28272-1083


(p)CARRIS HEALTH LLC                      Centra Care Health                              (p)JPMORGAN CHASE BANK  N A
PO BOX 150                                1406 6th Ave N                                  BANKRUPTCY MAIL INTAKE TEAM
WILLMAR MN 56201-0150                     Saint Cloud MN 56303-1900                       700 KANSAS LANE FLOOR 01
                                                                                          MONROE LA 71203-4774


CitiCards Private Label                   Collection Bureau Of Little Falls               Credit First National Association
Citicorp Credit Services; Attn: Centrali  Po Box 246                                      Attn: Bankruptcy
P.O. Box 790034                           Little Falls MN 56345-0246                      Po Box 81315
Kansas City MO 64195                                                                      Cleveland OH 44181-0315


Credit One Bank                           Custom Marble & Granite                         Directv, LLC
Attn: Bankruptcy Department               310 Atlanti Ave                                 by American InfoSource as agent
Po Box 98873                              Grove City MN 56243-1165                        PO Box 5072
Las Vegas NV 89193-8873                                                                   Carol Stream, IL  60197-5072


First Premier Bank                        Floor to Ceiling Store                          Grand True Valu
Attn: Bankruptcy                          8075 Sterling Dr.                               2309 US 12 E
Po Box 5524                               Saint Joseph MN 56374-4684                      Willmar MN 56201-5823
Sioux Falls SD 57117-5524


Hester Ball Family Holdings LP            Internal Revenue Service                        JPMorgan Chase Bank, N.A.
%Roger Ball                               Centralized Insolvency                          s/b/m/t Chase Bank USA, N.A.
PO Box 237                                PO Box 7346                                     c/o Robertson, Anschutz & Schneid, P.L.
Tazewell TN 37879-0237                    Philadelphia PA 19101-7346                      6409 Congress Avenue, Suite 100
                                                                                          Boca Raton, FL 33487-2853


Kandiyohi County                          Ketchikan Credit Bureau                         Kohls/Capital One
PO Box 936                                25 Jefferson Way, Ste 101                       Attn: Credit Administrator
Willmar MN 56201-0936                     Ketchikan AK 99901-5953                         Po Box 3043
                                                                                          Milwaukee WI 53201-3043
```

| | | |
|---|---|---|
| LVNV Funding<br>PO Box 740281<br>Houston TX 77274-0281 | LVNV Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC  29603-0587 | MN Dept of Revenue<br>Attn: Denise Jones<br>PO Box 64447<br>Saint Paul MN 55164-0447 |
| Mayo Clinic<br>Attn: Bankrupty Department<br>200 1st St SW<br>Rochester MN 55905-0002 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 | Midland Credit Managment, Inc<br>2365 Northside Drive<br>Suite 300<br>San Diego CA 92108-2710 |
| Midland Fund<br>Attn: Bankruptcy<br>350 Camino De La Reine, Suite 100<br>San Diego CA 92108-3007 | NCB Management Services<br>Attn: Bankruptcy<br>1 Allied Drive<br>Feasterville-Trevose PA 19053-6945 | PSB Credit Services, Inc.<br>PO Box 38<br>Prinsburg, MN  56281-0038 |
| Platinum Supplemental Ins.<br>137 Main St.<br>Suite 100<br>Dubuque IA 52001-7677 | Premier Bankcard, LLC<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud MN 56302-7999 | Prinsbank<br>12011 Business Park Blvd N<br>Champlin MN 55316-4526 |
| Quantum3 Group LLC as agent for<br>CF Medical LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | Resurgent Capital Services<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville SC 29603-0497 | SBA Disaster Loan Service Cent<br>2 North 20th Street, Suite 320<br>Birmingham AL 35203-4002 |
| STATE OF MINNESOTA PARENTAL FEE PROGRAM<br>PO BOX 64835<br>ST PAUL MN 55164-0835 | US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 | Verizon<br>PO BOX 4457<br>Houston TX 77210-4457 |
| Verizon<br>by American InfoSource as agent<br>PO Box 4457<br>Houston, TX  77210-4457 | Danielle Lin<br>LifeBack Law Firm, PA<br>6445 Sycamore Ct. North<br>Maple Grove, MN 55369-6028 | Davina Monique Duruji<br>1373 45th Ave SW,<br>Willmar, MN 56201-9668 |
| Kyle Carlson<br>Chapter 13 Trustee<br>PO Box 519<br>Barnesville, MN 56514-0519 | Quinton Jamahl Duruji<br>1373 45th Ave SW,<br>Willmar, MN 56201-9668 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Carris Health<br>301 Becker Ave SW<br>Willmar MN 56201 | Chase Card Services<br>Attn: Bankruptcy<br>P.O. 15298<br>Wilmington DE 19850 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)PRINSBANK

End of Label Matrix
Mailable recipients    52
Bypassed recipients     1
Total                  53

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                                                               Case No. **22-41034**
    **Quinton Jamahl Duruji**
    **Davina Monique Duruji**
    Debtor(s).

# SIGNATURE DECLARATION

- ☐ PETITION, SCHEDULES & STATEMENTS
- ☐ CHAPTER 13 PLAN
- ☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
- ☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- ☑ MODIFIED CHAPTER 13 PLAN
- ☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [**individual debtors only**] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: 10/19/2022

X _____
Signature of Debtor1 or Authorized Representative

**Quinton Jamahl Duruji**
Printed Name of Debtor 1 or Authorized Representative

X _____
Signature of Debtor 2

**Davina Monique Duruji**
Printed Name of Debtor 2