**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 22-41034 |
| Quinton Jamahl Duruji | Chapter 13 |
| Davina Monique Duruji, | |
| Debtors. | |

**NOTICE OF HEARING AND MOTION FOR DISMISSAL**

TO: All parties in interest pursuant to Local Rule 9013-3.

1. Kyle L. Carlson, Chapter 13 Trustee, moves to dismiss this case.

2. The Court will hold a hearing on this motion at 10:00 a.m. on Thursday, November 17, 2022 in Courtroom 8 West, 8th Floor, U.S. Courthouse, 300 South 4th Street, Minneapolis, MN 55415.

3. Any response to this motion must be filed and served not later than Friday, November 11, 2022, which is five days before the time set for the hearing (including Saturdays, Sundays and legal holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. The motion is brought pursuant to 11 U.S.C. § 1307, Bankruptcy Rule 1017, and Local Rule 1017-2. The debtors commenced this case by filing a voluntary Chapter 13 petition on June 28, 2022. This case is pending before this Court.

5. The debtors have failed to maintain payments as outlined in the filed plan. To date, the debtors have paid $300.00 to the trustee. The current monthly payment is $300.00. The last payment was received on 8/1/2022 in the amount of $300.00. The debtors are in default by a total of $600.00. This amount is through September and does not include any payments that may come due before the hearing date.

6. The trustee has requested copies of the 2021 tax return in order to investigate the financial affairs in this case to determine if all disposable income has been paid into the plan and if an increase in plan payment is necessary. A copy of the tax returns has not been supplied to the trustee. Pursuant to 11 U.S.C § 521(a)(3), a debtor has a statutory duty to cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties. Without copies of tax returns, the trustee has been unable to fully investigate the financial affairs in this case. *See* 11 U.S.C. §§ 1302(b) and 704(a)(4) (defining the duties of a chapter 13 trustee). This failure to cooperate with the trustee in furtherance of his duties is cause for dismissal under 11 U.S.C. § 1307. *See In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (a trustee's inability to effectively administer the estate due to a debtor's lack of cooperation constitutes "cause" for dismissal).

WHEREFORE, the Trustee moves the Court for an order dismissing the case and such other relief as may be just and equitable.

Dated: October 26, 2022

/e/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN  56514
218-354-7356

## VERIFICATION

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 26, 2022

/e/ Kyle L. Carlson
Kyle L. Carlson, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>Quinton Jamahl Duruji<br>Davina Monique Duruji,<br><br>       Debtors. | BKY 22-41034<br>Chapter 13 |

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

      The undersigned, being an employee of the standing Chapter 13 Trustee, declares that on the date indicated below, I served the attached notice of hearing and motion for dismissal upon all entities named below by first class mail postage prepaid and to any entities who are filing users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Quinton Jamahl Duruji
Davina Monique Duruji
1373 45th Ave SW,
Willmar, MN 56201

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: October 26, 2022

                                            /e/ Jamie Swenson
                                            Jamie Swenson
                                            Chapter 13 Office