UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

In re:

Quinton Jamahl Duruji and
Davina Monique Duruji,

Debtors.

Chapter 13

Case No. 22-41034

OBJECTIONS OF THE UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE TO THE CONFIRMATION
OF THE DEBTORS' MODIFIED CHAPTER 13 PLAN AND MOTION TO DISMISS

THE UNITED STATES OF AMERICA, Internal Revenue Service ("IRS"), by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota and Erin M. Secord, Assistant United States Attorney, submits the following objections to the confirmation of Modified Chapter 13 plan filed on October 19, 2022, by these debtors and motion to dismiss:

1. The confirmation hearing is scheduled for 10:00 a.m. on Thursday, November 17, 2022, at U.S. Bankruptcy Court, Courtroom 8 West, 8th Floor, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

2. Pursuant to Loc. R. Bankr. P. (D. Minn.) 9013-2 and 9006-1, any response to this motion must be filed and served by delivery not later than Saturday November 12, 2022, which is five days, including Saturdays, Sundays and holidays, before the time set for the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

3. The court has jurisdiction over these objections and motion to dismiss pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Loc. R. Bankr. P. (D. Minn.) 1070-1. This is a core proceeding. The petition commencing this Chapter 13 case was filed June 29, 2022. This case is now pending in this court.

4. These objections and motion to dismiss arise under 11 U.S.C. §§ 502(a); 1322(a)(2); 1325(a)(5), (6), and (9); 1307(c) and (e); and Fed. R. Bankr. P. 3015. These objections and Motion to Dismiss are filed under Fed. R. Bankr. P. 9013 and 9014 and Loc. R. Bankr. P. (D. Minn.) 3015-3, 3020-1, 3020-3 and 9013-1, *et seq*.

5. The IRS has a secured claim of $443,408.27, an unsecured priority claim of $296,566.63 and a general unsecured claim of $185,482.67 against these debtors. The total claim is $925,457.57, as set forth in the filed IRS Amended Proof of Claim, a copy of which is attached hereto as Exhibit A.

6. Pursuant to 11 U.S.C. § 1325(a)(9) the modified plan cannot be confirmed because the debtors failed to properly file their 2018 and 2021 federal income tax returns. *See* Declaration of Rhonda M. Morris.

7. The IRS may have additional priority and general unsecured claims due from these debtors, but they are undetermined because the debtors have not properly filed federal income tax returns for the years 2018 and 2021 as explained in the Declaration of Rhonda M. Morris.

8. While the plan provides that the trustee will pay the amounts actually owed as priority claims, the actual amount of the IRS priority claim cannot be determined until

these debtors properly file their signed federal income tax return for the years 2018 and 2021.

9. Additionally, the debtors' modified plan fails to provide for payments to pay the IRS secured claim. As the plan fails to provide for the IRS secured claim and as the IRS has not accepted the plan, pursuant to 11 U.S.C. § 1325(a)(5), the plan cannot be confirmed.

10. Without a determination of the actual amount of the IRS priority claim, the feasibility of the debtors' modified plan cannot be determined in accordance with 11 U.S.C. § 1322(a)(2).

11. As tendered, the modified plan does not comply with 11 U.S.C. § 1325(a)(6) in that the debtors do not have sufficient income to fund a plan that provides for payments to the IRS of $443,408.27 plus 6% interest on the secured portion over 5 years. The debtors' Schedule J shows monthly income of $300.00 to fund a plan. This amount is insufficient to fund a plan that properly provides for the IRS priority and secured claims. The IRS submits that the plan is grossly underfunded.

12. Additionally, the modified plan fails to comply with 11 U.S.C.§ 1325(a)(5)(B)(iii)(I) in that the payments on the IRS secured claim are not being made in equal monthly installments.

13. Failure of the debtors' modified plan to provide for full payment of the allowed IRS secured and priority tax claims is grounds for dismissal of the case pursuant to 11 U.S.C. § 1307(c).

14. Failure of the debtors to file three years of federal income tax returns constitutes grounds for dismissal of the case pursuant to 11 U.S.C. § 1307(e).

15. A separate memorandum of law is attached.

WHEREFORE, for the foregoing reasons, the United States of America, Internal Revenue Service prays that the modified Chapter 13 plan filed by these debtors be denied confirmation, that the case be dismissed pursuant to 11 U.S.C. § 1307(c) and (e), and for such further relief as may be just and equitable.

Dated: November 3, 2022

ANDREW M. LUGER
United States Attorney

/e/Erin M. Secord

BY: ERIN M. SECORD
Assistant U.S. Attorney
Attorney ID No. 0391789
Email: erin.secord@usdoj.gov
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
612-664-5600

**Attorneys for the United States of America, Internal Revenue Service**