**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 13 |
| Quinton Jamahl Duruji and Davina Monique Duruji, | Case No. 22-41034 |
| Debtors. | |

**NOTICE OF MOTION AND MOTION FOR**
**RELIEF FROM AUTOMATIC STAY**

To: The Debtors and other entities specified in Local Rule 9013-3.

1. PSB Credit Services, Inc. ("PSB"), by and through its undersigned attorneys, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion at **1:30 p.m., on December 28, 2022**, before the Honorable Kathleen A. Constantine at Minneapolis – Courtroom 8 West, 8th Floor, 300 South 4th Street, Minneapolis, MN 55415.

3. Any response to this motion must be filed and served or transmitted, as applicable, not later than **December 23, 2022**, which is five (5) days before the time set for the hearing (including Saturdays, Sundays and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 13 case was filed on June 28, 2022. This case is now pending in this Court.

5.   This motion arises under 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001. This motion is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rules 9013-1 through 9013-3. PSB requests relief with respect to the automatic stay under 11 U.S.C. § 362(d)(1).

## FACTUAL BACKGROUND

6.   On June 28, 2022, Debtors Quinton Jamahl Duruji and Davina Monique Duruji (collectively, the "Debtors") filed a Chapter 13 bankruptcy petition.

7.   Prior to the bankruptcy filing, Quinton Duruji executed and delivered to PrinsBank a promissory note, dated June 11, 2015, in the original principal amount of $327,600.00 (the "Note"). A copy of the Note is attached as <u>Exhibit A</u>. The Note was assigned to PSB by an Allonge dated June 14, 2022. A copy of the Allonge is attached as <u>Exhibit B</u>.

8.   As security for repaying the amounts due and owing under the Note, the Debtors executed and delivered a mortgage to PrinsBank, in the original principal amount of $327,600.00, dated June 11, 2015, and recorded on June 29, 2015, as Document No. 628123, in the Office of the County Recorder of Kandiyohi County (the "Mortgage"). The Mortgage encumbers certain real estate located at 1373 45th Avenue SW, Willmar, Minnesota 56201 in Kandiyohi County, Minnesota, and described as follows:

> That part of the West Half of the Northwest Quarter of Section 34, Township 119 North, Range 35 West of the Fifth Principal Meridian, Willmar Township, Kandiyohi County, Minnesota, described as follows: Commencing at the northwest corner of said Section 34; thence on a bearing of South 00°30'22" W, along the west line of said Section 34, a distance of 1569.46 feet; thence on a bearing of North 89°17'42" E a distance of 827.59 feet to the point of beginning of the land to be described; thence on a bearing of North 00°59'38" W a distance of 194.00 feet; thence on a bearing of South 84°41'57" W a distance of 146.77 feet; thence on a bearing of N 05°39'38" W a distance of 72.00 feet; thence on a bearing of South 85°49'22" W a distance of 109.00 feet; thence on a bearing of North 02°49'22" E a distance of 90.00 feet; thence on a bearing of North 88°30'38" W a distance of 87.41 feet; thence on a bearing of North 01°29'22" E a distance of 363.28 feet;

      thence on a bearing of North 86°22'47" E a distance of 40.00 feet; thence on a bearing of North 03°42'11" W a distance of 858.40 feet, to the north line of said Section 34; thence on a bearing of South 89°55'12" E, along the north line of said Section 34, a distance of 95.21 feet; thence on a bearing of South 03°42'11" E a distance of 896.71 feet; thence on a bearing of North 86°22'47" E a distance of 198.56 feet; thence on a bearing of South 89°27'59" E a distance of 242.68 feet; thence on a bearing of South 00°32'01" W a distance of 671.03 feet; thence on a bearing of South 89°17'42" W a distance of 233.38 feet to the point of beginning.

(the "Real Property"). The Mortgage encumbers the residence of the Debtors. A copy of the Mortgage is attached as Exhibit C. The Mortgage was assigned to PSB by an Assignment of Mortgage dated June 14, 2022, and recorded in the office of the Kandiyohi County Recorder on June 24, 2022, as document number 688322 (the "Assignment of Mortgage"). A copy of Assignment of Mortgage is attached as Exhibit D.

      9.     The Note, Mortgage, Allonge, Assignment of Mortgage and any other documents and agreements between the Debtors and PSB are collectively referred to herein as the "Loan Documents."

      10.    The Note matured on July 11, 2020.

      11.    As of the Petition Date, the amount due under the Note was $274,155.94 (the "Indebtedness").

      12.    PSB is not asserting a default in the regular scheduled loan payments. The loan has matured and the full amount is due and owing. Therefore, Local Form 4001-1 is not required and is not attached to this Motion.

      13.    The tax assessed value of the Real Property is $364,500. PSB does not have a current market valuation. PSB believes the tax assessed value is a fair estimate of the value.

      14.    In addition to the Indebtedness (which is a first mortgage on the Real Property), the IRS has asserted a $443,408.27 claim against the Real Property. The real property liens total $717,564.21. The Debtors have no equity in the Real Property.

15. On August 9, 2022, PSB objected to the original Chapter 13 plan (the "Original Plan") filed by Debtors. [ECF No. 13].

16. Following PSB's objection, PSB and Debtors negotiated a new agreement, which was reflected in Debtors' modified plan, filed on October 19, 2022 (the "Modified Plan"). [ECF No. 21]. Under the Modified Plan, Debtors agreed to make timely mortgage payments in the amount of $2,020.27 on the 11th day of each month, beginning on October 11, 2022. Debtors further agreed to list and sell the Real Property by December 28, 2022, with proceeds of such sale directed to closing costs, mortgage liens, and the balance to any IRS tax liens. [*Id.* at § 16.3].

17. Pursuant to the Modified Plan, the Debtors further agreed that the § 362 automatic stay would terminate immediately upon confirmation of the Modified Plan and that, in the event of default, PSB would be permitted to seek collection and foreclosure remedies against the Debtors and Real Property. [*Id.*]

18. On November 18, 2022, the Modified Plan was denied confirmation upon the request of the Debtors. [ECF No. 32]. No new plan has been filed.

19. The Debtors have no equity in the Real Property and the continued imposition of the automatic stay only prejudices creditors.

20. Furthermore, and absent the terms agreed to by PSB in the Modified Plan, the Note matured pre-petition and PSB would have otherwise been entitled to receive the full $274,155.94 that is owed through the Chapter 13 plan. The Debtors have no means to pay the full amount that is owed. Stay relief is warranted because the Debtors will be unable to confirm a Chapter 11 plan that pays PSB its full claim amount through any Chapter 13 plan.

21. Furthermore, stay relief is also warranted because, had the Modified Plan been confirmed, the Debtors would have been in immediate default. The October 11, 2022, and

4

November 11, 2022, payments have not been made.  PSB would then be entitled to stay relief pursuant to the terms agreed to by the Debtors.

22. Fed. R. Bankr. P. 4001(a)(3) allows the Court to waive the 14-day stay period under Rule 4001(a)(1).  Reason exists to waive the stay period for the reasons asserted in this Motion including the fact that the Debtors agreed in the Modified Plan to allow PSB to have immediate stay relief upon a plan payment default.  The Debtors effectively waived the 14-day stay.

23. PSB seeks relief from the automatic stay in order to exercise its rights under applicable non-bankruptcy law. Relief from the automatic stay is appropriate for the following reasons:

> Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant relief from the stay because (i) The Debtors have no equity in the Real Property and the continued imposition of the automatic stay only prejudices creditors, (ii) the Debtors will be unable to confirm a chapter 13 plan that satisfies the claim of PBS, (iii) had the Modified Plan been confirmed, the Debtors would be in immediate default, and by agreement, PSB would be entitled to stay relief.

WHEREFORE, PSB respectfully moves the Court for an order modifying the automatic stay so as to permit PSB to exercise its rights and remedies under applicable non-bankruptcy law, waiving Fed. R. Bankr. P. 4001(a)(3) to make the order effective immediately, and for such other relief as may be just and equitable.

Dated this 6th day of December, 2022.	**LATHROP GPM LLP**

By:  /e/ Jeffrey A. Peterson
Jeffrey A. Peterson (0387556)
1010 West St. Germain, Suite 500
St. Cloud, MN  56301
320-252-4414 Phone
320-252-4482 Facsimile
E-mail:  jeffrey.peterson@lathropgpm.com

                Daniel W. Remington (#0402804)
                80 South 8th Street
                500 IDS Center
                Minneapolis, MN 55402
                612.632.3474 Phone
                Dan.Remington@lathropgpm.com
                ***Attorneys for PSB Credit Services, Inc.***

## VERIFICATION

I, Cara Mulder, an authorized representative of PSB Credit Services, Inc., the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: __12/6/2022__.

By: ___*Cara Mulder*___
Cara Mulder
Vice President